Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADILLIA PATTERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.**<br>**3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

SADILLIA PATTERSON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RASH CURTIS & ASSOCIATES ("Defendant"):

- 1 -

PLAINTIFF'S COMPLAINT

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Live Oak, California 95953.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation specializing in debt collection with its principal place of business located at 190 S. Orchard Lane, Vacaville, California 95688.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. Debt collection is the principal purpose of the defendant's business.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

14. The alleged debt originated from a personal DirecTV account from early 2016, which arose from transactions that were primarily for personal, family, or household purposes.

15. Beginning in or around early 2016 and continuing into February 2017, Defendant's collectors placed repeated and harassing debt collection calls to Plaintiff's cellular telephone seeking to collect a debt owed by Plaintiff's deceased

ex-husband, Paul Thayer.

16. Defendant's harassing debt collection calls derived from numbers including, (866) 729-2722 and (707) 454-2010. The undersigned has confirmed that these numbers belong to Defendant.

17. When the calls first began in early 2016, Plaintiff informed Defendant that this was not her debt, but rather her ex-husband's debt, that she would not pay the debt, and told Defendant to stop calling her.

18. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

20. Rather than indicate it would stop calls, Defendant informed Plaintiff that it had her credit card information on file.

21. Thereafter, Defendant ignored Plaintiff's request and continued to call her through February 2017.

22. When contacting Plaintiff, Defendant used an automated dialing system and/or pre-recorded voice or message.

23. Plaintiff knew Defendant was calling her using an automated dialing system and/or pre-recorded voice or message since she would regularly receive

calls with a delay or recording before a live caller would come on the phone.

24. These calls were particularly frustrating and annoying to Plaintiff as she had cancer and was going through chemotherapy treatments during this time period.

25. Ultimately in order to get calls to stop Plaintiff had to download an application to her cellular telephone to block Defendant's calls.

## COUNT I
## <u>DEFENDANT VIOLATED §§1692d and d(5) OF THE<br>FAIR DEBT COLLECTION PRACTICES ACT</u>

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously knowing its calls were unwanted within the one year period preceding the filing of this Complaint..

## COUNT II
## **DEFENDANT VIOLATED §§1692e, e(2)(a) and e(10) OF THE FDCPA**

29. A debt collector violates § 1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. A debt collector violates § 1692e(2)(a) of the FDCPA by using any false representation of the character, amount, or legal status of any debt.

31. A debt collector violates § 1692e(10) of the FDCPA by of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. Defendant violated sections 1692e, 1692e(2)(a) and 1692e(10) of the FDCPA when it threatened to collect a debt from Plaintiff that was owed by her deceased ex-husband within the one year period preceding the filing of this Complaint.

## COUNT III
## **DEFENDANT VIOLATED §§1692f and 1692f(1) OF THE FDCPA**

33. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

34. A debt collector violates § 1692f(1) of the FDCPA by collecting any amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

35. A debt collector violated sections 1692f and f(1) of the FDCPA when it threatened to collect a debt from Plaintiff that was owed by her deceased ex-husband within the one year period preceding the filing of this Complaint.

## COUNT IV
## **DEFENDANT VIOLATED THE**
## **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

36. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

37. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint in Counts I-III.

## COUNT V
## **DEFENDANT VIOLATED THE**
## **TELEPONE CONSUMER PROTECTION ACT**

38. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

39. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

40. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

41. Despite the fact that Plaintiff never consented to Defendant placing calls to her, and Plaintiff having revoked any prior alleged consent Defendant had been provided in early 2016, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

42. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

43. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

- 8 -

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, SADILLIA PATTERSON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Statutory damages of up to $1,500 for each call in violation of the TCPA pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA;

g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SADILLIA PATTERSON, demands a jury trial in her case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: July 7, 2017

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg(275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff